In the Matter of Joseph McDONALD t/d/b/a Jo-Mac Electric Co., and Priscilla J. McDonald, his wife, Debtors.

FIDELITY & DEPOSIT COMPANY OF MARYLAND, Plaintiff,

v.

Priscilla J. McDONALD and the Estate of Joseph McDonald, Defendant.

Bankruptcy Nos. 80–00419, 79–247.
Adv. No. 82–0199.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 7, 1983.

Robert G. Sable, Mary Anne McKeen and Lampl, Sable & Makoroff, Pittsburgh, Pa., for debtors.

Steven H. Wyckoff and Weis & Weis, Pittsburgh, Pa., for plaintiff.

Peter M. Glaubach, Franklin, Pa., pro se for trustee.

MEMORANDUM AND ORDER ON OBJECTION TO DISCHARGE

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

Fidelity & Deposit Company of Maryland issued various surety bonds on behalf of the debtor, Priscilla J. McDonald, and her husband, Joseph McDonald, deceased, in reliance on written statements of the personal assets of said debtors the values of which the testimony shows were materially exaggerated in order to obtain the issuance of the bonds. Joseph McDonald filed a proceeding under Chapter XI of the Bankruptcy Act of 1898 on September 26, 1979, and thereafter on September 16, 1980 his wife, Mrs. Priscilla McDonald, filed a petition under Chapter 13 of the Bankruptcy Reform Act of 1978 which became effective October

1, 1979. The cases were consolidated and Joseph McDonald subsequently died September 22, 1981. The matter is before us on the objections of the plaintiff to the discharges of both debtors on the grounds that their assets were grossly overvalued in the foregoing statements Joseph McDonald had executed to procure the issuance of the bonds as above, and the question is whether the testimony is sufficient to establish that the wife-debtor was a party to the representations which said testimony unequivocally shows were fraudulent on the husband's part.

The wife debtor was 40 years of age when her bankruptcy proceeding was filed and her husband had conducted his business in the basement of their residence. The husband had an answering service to service his phone calls in his absence and the wife had a separate number for her residence phone. Although the wife-debtor signed the joint written statements overvaluing the assets, her testimony that she did this at her husband's request without knowledge of the facts and did not participate in his business transactions or have any knowledge of them or of the representations made to the surety company was not contradicted. She explained on cross-examination that her deceased husband typed his own letters and placed her initials at the end of them so his customers would not know he didn't have a secretary and this testimony was not discredited. The evidence is replete with incidents of deliberate misrepresentations on the part of the husband but is wholly insufficient to support a finding that the wife was in any way involved, participated in or had any knowledge concerning them.

The principal asset of the debtors was jointly owned real estate, and in a previously filed Memorandum in Adversary Proceeding No. 82–0306 the validity of a judgment of the Deposit Bank entered against both debtors after the filing of the husband's petition but before that of the wife's was sustained as a valid lien against said property.

IT IS ORDERED, ADJUDGED and DECREED under above described facts that the objections of the plaintiff to the discharge of the husband-debtor, Joseph McDonald, be and they hereby are sustained and the obligations of said debtor to the Fidelity & Deposit Company of Maryland are determined to be non-dischargeable. The objections to the discharge of the wife-debtor are dismissed and her liabilities on the alleged indebtedness to the plaintiff are determined to be dischargeable and released under the discharge in bankruptcy hereby directed to be filed and issued to her in due course when the record so warrants.